IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR86 |
| | ) | |
| v. | ) | |
| | ) | |
| ANGELA B. FRYE, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

The defendant has moved for pre-trial disclosure of the identity of the confidential informant and anonymous person references in the affidavit for a search warrant. Filing 29. She states the warrant affidavit references an "anonymous person" who claims to be an actual participant to the alleged offenses with which this defendant is charged.

The defendant bears the burden of showing that her need for disclosure of the identity of a confidential informant outweighs the government's privilege to withhold the informant's identity. United States v. Lapsley, 263 F.3d 839, 841 (8th Cir. 2001). The defendant can satisfy this burden by showing that disclosure is relevant and helpful to her defense, material, or essential to a fair trial. The government's privilege to withhold from disclosure the identity of confidential informant's is not absolute. "Where the disclosure of an informer's identity, or of the contents of his [or her] communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id.(quoting Roviaro v. United States, 353 U.S. 53, 60-61 (1957)).

Courts must consider factors such as the crime charged, the possible defenses, the possible significance of the informer's

testimony, and other relevant factors in determining whether, on balance, the defendant's need for disclosure outweighs the public's interest in maintaining the confidentiality of informants.  Carpenter v. Lock, 257 F.3d 775, 779 (8th Cir. 2001)(citing Roviaro, 353 U.S. 53, 60-61 (1957)).  "In determining whether disclosure is required, the threshold issue is whether the informant is a material witness.  Disclosure of the confidential informant is not mandated unless it is vital to a fair trial.  Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense."  Carpenter, 257 F.3d at 779 (internal citations and quotations omitted).

Based on the foregoing, I conclude that if the government intends to offer evidence from the anonymous witness as part of its evidence proving the defendant conspired to distribute or possessed with intent to distribute methamphetamine between July 2003 and February 2005, then this informant is a material witness whose identity must be disclosed to the defendant.  If the government does not intend to offer such evidence, the witness is not material and the identity need not be disclosed.

IT THEREFORE HEREBY IS ORDERED:  On or before June 15, 2005, the government shall either disclose the identity of the anonymous witness referenced in the warrant affidavit, or file a statement advising the defendant and the court that evidence from this informant will not be offered at trial during the government's case in chief.

DATED this 8th day of June, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

2